**Electronically Filed
Intermediate Court of Appeals
30701
09-APR-2012
08:01 AM**

NO. 30701

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRANDY IWALANI C. AVILLA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-10-00518)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J. and Foley, J.;
Reifurth J., dissenting)

Defendant-Appellant Brandy Iwalani C. Avilla (Avilla) appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment" filed on June 9, 2010[1] (June 9, 2010 Judgment) in the District Court of the First Circuit, Wai'anae Division[2] (district court).  Avilla was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2011).[3]

---

[1]  Avilla's notice of appeal indicates she is appealing from her second Notice of Entry of Judgment and/or Order and Plea/Judgment, filed July 7, 2010, which dismissed the charge of driving without motor vehicle insurance. However, her opening brief clearly indicates her intent to appeal from her June 9, 2010 Judgment in which she was convicted of OVUII.

[2]  The Honorable Christopher P. McKenzie presided.

[3]  HRS § 291E-61 provides in relevant part:

§291E-61  **Operating a vehicle under the influence of an intoxicant.**  (a)  A person commits the offense of operating a

On appeal, Avilla contends the district court abused its discretion when it admitted evidence of Avilla's performance on the Horizontal Gaze Nystagmus test (HGN test) as substantive evidence because

(1) the State of Hawai'i (the State) failed to lay a proper foundation;

(2) the results of the HGN test are admissible only as evidence of probable cause for an arrest; and

(3) the admission of the HGN test as evidence was not harmless because without the HGN test, there was insufficient evidence to convict Avilla of OVUII.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Avilla's points of error as follows:

(1)  We agree with Avilla that the district court erred when it admitted into evidence Avilla's performance on the HGN test because a proper foundation had not been established, but we conclude the error was harmless.

"[T]he determination of whether proper foundation has been established [for the introduction of evidence] lies within the discretion of the trial court, and its determination will not be overturned absent a showing of clear abuse." State v. Assaye, 121 Hawai'i 204, 210, 216 P.3d 1227, 1233 (2009) (internal quotation marks, citation, and brackets omitted).  To admit the HGN test into evidence, "it must be shown that (1) the officer administering the test was duly qualified to conduct the test and grade the test results, and (2) the test was performed properly

---

vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

in the instant case." State v. Ito, 90 Hawai'i 225, 244, 978 P.2d 191, 210 (App. 1999) (citation omitted). In Ito, where there was no evidence as to what the Honolulu Police Department (HPD) training consisted of or that the training met the National Highway and Transportation Safety Administration (NHTSA) standards, this court had no way to evaluate (1) the extent and nature of the training, (2) whether the officer's training was supervised by certified instructors, (3) whether the officer was certified to administer the test, and (4) whether the officer received periodic retraining on HGN test administration skills. Id. at 244, 978 P.2d at 210. Because this evidence was lacking, the Ito court concluded the proper foundation was not established to admit the HGN test into evidence. Id.

In the instant case, HPD Officer Daniel Cunningham (Officer Cunningham) testified that he was certified to conduct field sobriety tests (FSTs), he was familiar with the NHTSA manual, he was trained according to the manual, and he was trained through HPD to conduct FSTs based on the NHTSA manual. However, this testimony failed to address the extent or nature of his training, whether the trainers were certified, and whether Officer Cunningham received periodic retraining -- evidence Ito says is necessary to establish the proper foundation to admit the HGN test into evidence. Ito, 90 Hawai'i at 244, 978 P.2d at 210. Because the State failed to establish that Officer Cunningham "was duly qualified to conduct the test and grade the test results or that he properly administered the HGN test," the district court abused its discretion when it admitted the HGN test results into evidence. Id.

Nonetheless, where an error is harmless, a conviction need not be set aside. Hawai'i Rules of Penal Procedure (HRPP) Rule 52(a) provides, in relevant part, that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." "Where there is a wealth of overwhelming and compelling evidence tending to show the defendant guilty

3

beyond a reasonable doubt, errors in the admission or exclusion of evidence are deemed harmless." State v. Toyomura, 80 Hawai'i 8, 27, 904 P.2d 893, 912 (1995) (internal quotation marks, citation omitted). Such an error "must be examined in light of the entire proceedings and given the effect to which the whole record shows it is entitled." State v. Sprattling, 99 Hawai'i 312, 320, 55 P.3d 276, 284 (2002) (internal quotation marks, citation, and brackets in original omitted).

Here, we conclude that the district court's error in admitting the HGN test into evidence was harmless. Officer Cunningham testified that Avilla passed him at a high rate of speed, after which he followed her without turning on his lights or siren. For no apparent reason, Avilla suddenly slowed down, pulled over, went over some train tracks and a curb, and stopped in a school bus lane, even though there was a more usual way to reach the bus lane. After Avilla's car came to a stop, Officer Cunningham approached her and asked for her license. She gave him an expired one and when he asked for her registration, she started "slamming things" and becoming "a little more aggressive." Officer Cunningham testified he smelled a "medium to strong odor" of alcohol on her breath. His police report described the odor as "strong." Officer Cunningham testified that Avilla's eyes were red and watery and her speech was slurred.

During the administration of the HGN test, Officer Cunningham noticed Avilla was unable to stand still, had a constant one-inch circular sway, and had to move her feet to avoid losing her balance. Avilla refused to proceed with the other FSTs and became verbally aggressive, yelling, "Do you know who I am? Do you know who I'm related to?" After Officer Cunningham concluded that Avilla "was under the influence of alcoholic-type substance and that she was unsafe to drive," he arrested her and took her to the police station.

In light of this overwhelming and compelling evidence tending to show beyond a reasonable doubt that Avilla was guilty of being under the influence of alcohol in an amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty, we conclude that the district court's error in admitting the HGN test into evidence was harmless. HRS § 291E-61(a); Toyomura, 80 Hawaiʻi at 27, 904 P.2d at 912.

Because we conclude the HGN test was erroneously admitted into evidence, we need not address Avilla's contention that the HGN test results were admissible only as evidence of probable cause rather than substantive evidence. And because we conclude that any error in the admission of the HGN test was harmless, we reject Avilla's third point of error.

Therefore,

IT IS HEREBY ORDERED that the "Notice of Entry of Judgment and/or Order and Plea/Judgment" filed on June 9, 2010 in the District Court of the First Circuit, Waiʻanae Division, is affirmed.

DATED: Honolulu, Hawaiʻi, April 9, 2012.

On the briefs:

Pamela I. Lundquist
Deputy Public Defender
for Defendant-Appellant.

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge